## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: **Christopher Dean Reid, Sr.**      :      Case No: **4:20-bk-01846-MJC**
        **Debtor**                 :
                                  :      **Chapter 13**
                                    :

## .MOTION TO MODIFY MORTGAGE

**AND NOW**, comes the Debtor, Christopher Dean Reid, Sr., by and through his attorney Samantha C. Wolfe, Esq. and files this Motion to Modify Mortgage and avers as follows:

1.     Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 16, 2020 in the Middle District of Pennsylvania.

2.     Debtor owns real estate located at 137 Reagan Street, Sunbury, PA 17801.

3.     The real estate located at 137 Reagan Street, Sunbury, PA is Debtor's primary residence.

4.     The real estate located at 137 Reagan Street, Sunbury, PA is secured by a mortgage held by M&T Bank.

5.     Debtor is seeking a loan modification in order to maintain the current payments on his home mortgage and to resolve the CARES forbearance claim filed by M&T Bank.

6.     M&T Bank has agreed to modify the loan secured against 137 Reagan Street, Sunbury, PA. A true and correct copy of the Loan Modification Agreement is attached hereto as Exhibit "A".

7.    The proposed payment under the loan modification is lower than the

Debtors' current monthly mortgage payment.

**WHEREFORE**, the debtor herein, respectfully prays that this Honorable Court

approve Debtor's Motion to Modify Mortgage.


                                        Respectfully Submitted:


Date:   May 20, 2022                    /s/ Samantha C. Wolfe_____
                                        Samantha C. Wolfe, Esq.
                                        Attorney ID# 328845
                                        Scaringi & Scaringi, P.C.
                                        2000 Linglestown Road, Suite 106
                                        Harrisburg, PA  17110
                                        (717) 657-7770
                                        Attorney for Debtor

# Exhibit A

RECEIVED

FEB 1 7 2022

BY: CP

# **Image Request Form**

## **(Lakeview /M&T Bank GNMA: Critical Documents)**

Loansphere :

    **Bayview Region:** ☐

    **M&T Region:** ☐

    **M&T Consumer Region:** ☐

**FileNet:**

    **(Mortgage) MDR Document:** ☒

    **(Consumer)RMR Auction:** ☐

    **(Business Banking)COS Kofax:** ☐

**Loan Number: 0031561426- REID**

**Requestor Name: Allan Keohane**

**Date Requested: 2/11/2022**

---

☐   **Loansphere Document Name:**

      Document Type:
      *Document types are those listed in Loansphere.

---

☒   **FileNet Document Name: Modification Package ?Executed**

      Document Category: Loss Mitigation
      Document Sub Category: Closing
      Document Type: Modification Package ?Executed

---

**Return to Requestor:**   ☒

**Recycle:**   ☐

**After Recording Return To:**
RUTH RUHL, P.C.
Attn: Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

**Prepared By:**
RUTH RUHL, P.C.
12700 Park Central Drive, Suite 850
Dallas, TX 75251
877-766-6677

Parcel ID No.: 050-03-005-077

_____[Space Above This Line For Recording Data]_____

Loan No.: 0031561426
Investor Loan No.: 0219873807

FHA Case No.: 4463394224703

# LOAN MODIFICATION AGREEMENT
### (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 29th day of September, 2021, between CHRISTOPHER D REID, whose address is 137 REAGAN ST, SUNBURY, Pennsylvania 17801 ("Borrower") and M&T Bank, whose address is 475 Crosspoint Pkwy, Getzville, New York 14068 ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated May 24th, 2017, recorded June 1st, 2017, and recorded in Book/Liber 2776, Page 588, Instrument No. 201708330, of the Official Records of NORTHUMBERLAND County, Pennsylvania, and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at 137 REAGAN ST, SUNBURY, Pennsylvania 17801.

Said Security Instrument was assigned as follows:
From MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC, AS MORTGAGEE, AS NOMINEE FOR M&T BANK, to M&T BANK, by assignment dated June 22nd, 2020, and recorded on June 22nd, 2020 of the Official Records of NORTHUMBERLAND County, State of Pennsylvania in Book/Liber 3004, Page 866, Instrument No. 202007610.

Original Loan Amount: $81,603.00

PENNSYLVANIA LOAN MODIFICATION AGREEMENT
(FNMA Modified Form 3179 1/01 (rev. 04/14))

Page 1 of 6

Loan No.: 0031561426

From N/A. to N/A by assignment dated N/A. and recorded on N/A of the Official Records of NORTHUMBERLAND County, State of Pennsylvania in Liber or Book N/A. Page N/A. Instrument No. N/A.

From N/A. to N/A by assignment dated N/A. and recorded on N/A of the Official Records of NORTHUMBERLAND County, State of Pennsylvania in Liber or Book N/A. Page N/A. Instrument No. N/A.

the real property described being set forth as follows:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.    As of October 1st, 2021, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $65,687.52, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2.    Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 3.125%, from September 1st, 2021. Borrower promises to make monthly payments of principal and interest of U.S. $281.39, beginning on the 1st day of October, 2021, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 3.125% will remain in effect until principal and interest are paid in full. If on September 1st, 2051, (the "Maturity Date"). Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3.    If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.
      If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4.    Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:

Loan No.: 0031561426

  (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

  (b) All terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

  5. Borrower understands and agrees that:

  (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

  (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

  (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

  (d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

  (e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

  (f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

  Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

  By checking this box, Borrower also consents to being contacted by text messaging☉.

  6. If applicable, by this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligations to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

  7. Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay

Loan No.: 0031561426

directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund Borrower any Funds held by Lender.

Case 4:20-bk-01846-MJC   Doc 50   Filed 05/20/22   Entered 05/20/22 11:43:19   Desc
Main Document     Page 8 of 34

Loan No.: 0031561426

02/09/2022
_____
Date

*cursive signature* (Seal)
_____
CHRISTOPHER D REID          –Borrower

_____          _____(Seal)
Date                                                          –Borrower

_____          _____(Seal)
Date                                                          –Borrower

_____          _____(Seal)
Date                                                          –Borrower

## BORROWER ACKNOWLEDGMENT

State of **PA** §
County of **Lehigh** §
      §

On this, the **9th** day of **February** **2022** before me **Pooja Modessa**
the undersigned officer, personally appeared CHRISTOPHER D REID

known to me (or satisfactorily proven) to be the person whose name(s) is/are subscribed to the within instrument,
and acknowledged that he/she/they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

(Seal)

```
Commonwealth of Pennsylvania - Notary Seal
Pooja Modessa, Notary Public
Lehigh County
My commission expires July 3, 2022
Commission number 1336763
```

*Notary signature*
_____
Notary Signature

_____
Notary Public
Title of Officer

My Commission Expires: **07/03/2022**

---

ACKNOWLEDGMENT (PENNSYLVANIA)                                        Page 5 of 6

Loan No.: 0031561426

2/15/22

M&T Bank
_____
–Lender

_____
-Date

By: _____ *Katie Lg*

Its: _____
Katie Hoover
Banking Officer

## LENDER ACKNOWLEDGMENT

State of    New York        §
                           §
County of Erie             §

On this, the 15 day of February 2022 before me Miranda Kraus
the undersigned officer, personally appeared Katie Hoover who acknowledged
himself/herself to be the bank officer
_____ of M&T Bank

a entity, and that he/she as such bank officer
_____ being authorized to do so, executed the foregoing
instrument for the purposes therein contained by signing the name of said entity by himself/herself as
bank officer

In witness whereof, I hereunto set my hand and official seal.

(Seal)    MIRANDA JUDITH KRAUS
NOTARY PUBLIC STATE OF NEW YORK
ERIE COUNTY
LIC. #01KR6390274
COMM. EXP. 04/15/2023

_____
Notary Signature

_____
Notary Public
Title of Officer
My Commission Expires: 4/15/2023

"I, Katie Hoover , do hereby certify that the correct address of the within named Mortgagee is
475 Crosspoint Pkwy, Getzville, New York 14068. Witness my hand this 15 day of 2
22."
Signed: Katie Lg
By: _____

Katie Hoover
Banking Officer

ACKNOWLEDGMENT (PENNSYLVANIA)                                    Page 6 of 6

Loan No.: 0031561426

# BANKRUPTCY DISCLOSURE ADDENDUM

THIS BANKRUPTCY DISCLOSURE ADDENDUM ("Addendum") is made this 29th day of September, 2021, and is incorporated into and shall be deemed to amend and supplement the Agreement of the same date, given by the Borrower which modifies Borrower's Note and Security Instrument to Lender, and covers the Property.

In addition to the covenants and agreements made in the Agreement, Borrower and Lender covenant and agree as follows:

1. **Borrower has filed for a Chapter 13 bankruptcy and, Lender's final approval of the Loan Modification Agreement is contingent upon approval of the Agreement by the bankruptcy court, if required.**
2. **AFTER** execution of the Agreement, the bankruptcy court may award the Borrower a Chapter 13 bankruptcy discharge.
3. Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Agreement and this Addendum, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

Except as otherwise specifically provided in this Addendum, the terms of the Agreement will remain unchanged and in full effect.

_Cmmw J. Reid_

CHRISTOPHER D REID      -Borrower              _____ -Borrower

_____ -Borrower              _____ -Borrower

Loan No.: 0031561426

M&T Bank
      –Lender

2/16/22
      -Date

By: _____

Its: _____
    Katie Hoover
    Banking Officer

**BANKRUPTCY DISCLOSURE ADDENDUM**
**CHAPTER 13 ACTIVE BANKRUPTCY**
                **Page 2 of 2**

Loan No.: 0031561426

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

02/09/2022
_____
Date

_____
CHRISTOPHER D REID                    –Borrower

_____
Date

_____
–Borrower

_____
Date

_____
–Borrower

_____
Date

_____
– Borrower

_____
Date

_____
– Borrower

_____
Date

_____
– Borrower

NOTICE OF NO ORAL AGREEMENTS (MULTISTATE)                    Page 1 of 1

Loan No.: 0031561426

# CORRECTION AGREEMENT

**Borrower(s):** CHRISTOPHER D REID                 **Property:** 137 REAGAN ST. SUNBURY.
Pennsylvania 17801

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

**"Borrower"** is CHRISTOPHER D REID.

**"Lender"** is M&T Bank

, and its successors or assigns.
**"Loan"** means the debt evidenced by the Note and all sums due under the Security Instrument.
**"Note"** means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.
**"Security Instrument"** means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

**AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES:** In consideration of the Loan Modification Agreement offered by Lender in the amount of $65,687.52 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation. Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender). Borrower will comply with Lender's request to execute. acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree to comply with Lender's request to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA). if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA). Federal Home Loan Mortgage Corporation (FHLMC). Government National Mortgage Association (GNMA). or any other investor.

**REQUEST BY LENDER:** Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be <u>prima facie</u> evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

**BORROWER LIABILITY:** If Borrower fails or refuses to execute. acknowledge. initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including. but not limited to. all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.

_____02/09/2022_____
Date

_____
CHRISTOPHER D REID                    –Borrower

_____
Date

_____
                                      –Borrower

_____
Date

_____
                                      --Borrower

_____
Date

_____
                                      – Borrower

_____
Date

_____
                                      – Borrower

_____
Date

_____
                                      – Borrower

CORRECTION AGREEMENT                                    Page 2 of 2

Exhibit "A"

The land referred to in this Commitment is described as follows:

PARCEL NO. 1

ALL THAT CERTAIN TRACT OF LAND situate on the south side of Reagan Street, City of Sunbury, County of Northumberland, Commonwealth of Pennsylvania, known as 137 Reagan Street, more particularly bounded and described as follows:

Containing in front or width on the south side of Reagan Street 20 feet and extending of that width or depth, southwardly a distance of 125 feet to a 10 foot alley and being the western 20 feet of Lot No. 11 on the map or plan of the Masser and Greenough Addition to the Borough (now City) of Sunbury, whereon is erected 1/2 of a double, two-story frame dwelling.

PARCEL NO. 2

ALL THOSE CERTAIN (2) ADJOINING FRACTIONAL PARTS OF LOTS OR PIECES OF GROUND situate on the south side of Reagan Street, in the City of Sunbury, County of Northumberland, Commonwealth of Pennsylvania.

Containing together in front or width on the south side of Reagan Street 20 feet and extending of that width in length or depth southwardly, a distance of 125 feet to a 10 foot alley, and being the eastern 15 feet of Lot No. 10 and the western 5 feet of Lot No. 11 on the map or plan of the Masser and Greenough Addition to the City of Sunbury, whereon is erected the western 1/2 of a double frame dwelling house known as 135 Reagan Street, with 1/2 garage attached.

| | |
|---|---|
| Town/City/Village: | SUNBURY |
| County: | NORTHUMBERLAND |
| Section – Block- Lot: | 050-03-005-077 |

# __Image Request Form__

## (Lakeview/M&T Bank GNMA: Supporting Documents)

**Loansphere :**              **Bayview Region:**          ☐

                             **M&T Region:**              ☐

                             **M&T Consumer Region:**     ☐


**FileNet:**                  **(Mortgage) MDR Document:**   ☐

                             **(Consumer)RMR Auction:**     ☐

                             **(Business Banking)COS Kofax:** ☐

**Loan Number: 0031561426- REID**

**Requestor Name: Allan Keohane**

**Date Requested:  2/11/2022**

---

☐    **Loansphere Document Name:**

         Document Type:
         *Document types are those listed in Loansphere.

---

☒    **FileNet Document Name: Modification Package ?Executed**

         Document Category: Loss Mitigation
         Document Sub Category: Closing
         Document Type: Modification Package ?Executed

---

**Return to Requestor:**     ☒

**Recycle:**                 ☐

**After Recording Return To:**
RUTH RUHL, P.C.
Attn: Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

**Prepared By:**
RUTH RUHL, P.C.
12700 Park Central Drive, Suite 850
Dallas, TX 75251
877-766-6677

Parcel ID No.: 050-03-005-077

_____[Space Above This Line For Recording Data]_____

Loan No.: 0031561426
Investor Loan No.: 0219873807

FHA Case No.: 4463394224703

# LOAN MODIFICATION AGREEMENT
### (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 29th day of September, 2021, between CHRISTOPHER D REID, whose address is 137 REAGAN ST, SUNBURY, Pennsylvania 17801 ("Borrower") and M&T Bank, whose address is 475 Crosspoint Pkwy, Getzville, New York 14068 ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated May 24th, 2017, recorded June 1st, 2017, and recorded in Book/Liber 2776, Page 588, Instrument No. 201708330, of the Official Records of NORTHUMBERLAND County, Pennsylvania, and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at 137 REAGAN ST, SUNBURY, Pennsylvania 17801.

Said Security Instrument was assigned as follows:
From MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC, AS MORTGAGEE, AS NOMINEE FOR M&T BANK, to M&T BANK, by assignment dated June 22nd, 2020, and recorded on June 22nd, 2020 of the Official Records of NORTHUMBERLAND County, State of Pennsylvania in Book/Liber 3004, Page 866, Instrument No. 202007610.

Original Loan Amount: $81,603.00

Loan No.: 0031561426

   From N/A, to N/A by assignment dated N/A, and recorded on N/A of the Official Records of NORTHUMBERLAND County, State of Pennsylvania in Liber or Book N/A, Page N/A, Instrument No. N/A.

   From N/A, to N/A by assignment dated N/A, and recorded on N/A of the Official Records of NORTHUMBERLAND County, State of Pennsylvania in Liber or Book N/A, Page N/A, Instrument No. N/A.

the real property described being set forth as follows:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

   In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

   1.  As of October 1st, 2021, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $65,687.52, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

   2.  Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 3.125%, from September 1st, 2021. Borrower promises to make monthly payments of principal and interest of U.S. $281.39, beginning on the 1st day of October, 2021, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 3.125% will remain in effect until principal and interest are paid in full. If on September 1st, 2051, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

   3.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

   4.  Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:

Loan No.: 0031561426

(a)    all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

(b)    all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.    Borrower understands and agrees that:

(a)    All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b)    All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)    All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)    Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)    Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging⊙.

6.    If applicable, by this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligations to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

7.    Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay

Loan No.: 0031561426

directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund Borrower any Funds held by Lender.

Loan No.: 0031561426

02/09/2022
Date

_____ (Seal)
CHRISTOPHER D REID          –Borrower

_____
Date

_____ (Seal)
                            –Borrower

_____
Date

_____ (Seal)
                            –Borrower

_____
Date

_____ (Seal)
                            –Borrower

## BORROWER ACKNOWLEDGMENT

State of **PA**                    §
County of **Lehigh**               §
                                   §
On this, the **9th** day of **February 2022** before me **Pooja Modessa**
the undersigned officer, personally appeared CHRISTOPHER D REID

known to me (or satisfactorily proven) to be the person whose name(s) is/are subscribed to the within instrument,
and acknowledged that he/she/they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

(Seal)

_____
Notary Signature

_____
Notary Public
Title of Officer

My Commission Expires: **07/03/2022**

Commonwealth of Pennsylvania - Notary Seal
Pooja Modessa, Notary Public
Lehigh County
My commission expires July 3, 2022
Commission number 1336763

---

ACKNOWLEDGMENT (PENNSYLVANIA)                              Page 5 of 6

Loan No.: 0031561426

M&T Bank
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ –Lender

2/15/22
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ -Date

By: _____

Its: ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
          Katie Hoover
          Banking Officer

## LENDER ACKNOWLEDGMENT

State of    New York        §
                           §
County of Erie             §

On this, the 15 day of February 2022 before me Miranda Kraus the undersigned officer, personally appeared Katie Hoover who acknowledged himself/herself to be the bank office ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ of M&T Bank

a entity, and that he/she as such bank officer ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of said entity by himself/herself as bank office ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

In witness whereof, I hereunto set my hand and official seal.

(Seal) MIRANDA JUDITH KRAUS
NOTARY PUBLIC STATE OF NEW YORK
ERIE COUNTY
LIC. #01KR6390274
COMM. EXP. 04/15/2023

_____
Notary Signature

Notary Public
Title of Officer
My Commission Expires: 4/15/20 23

Katie Hoover
Banking Officer

"I, _____, do hereby certify that the correct address of the within named Mortgagee is 475 Crosspoint Pkwy, Getzville, New York 14068. Witness my hand this 15 day of Feb 2022."

Signed:
By: _____

Katie Hoover
Banking Officer

ACKNOWLEDGMENT (PENNSYLVANIA)                                    Page 6 of 6

Loan No.: 0031561426

# BANKRUPTCY DISCLOSURE ADDENDUM

THIS BANKRUPTCY DISCLOSURE ADDENDUM ("Addendum") is made this 29th day of September, 2021, and is incorporated into and shall be deemed to amend and supplement the Agreement of the same date, given by the Borrower which modifies Borrower's Note and Security Instrument to Lender, and covers the Property.

In addition to the covenants and agreements made in the Agreement, Borrower and Lender covenant and agree as follows:

1. **Borrower has filed for a Chapter 13 bankruptcy and, Lender's final approval of the Loan Modification Agreement is contingent upon approval of the Agreement by the bankruptcy court, if required.**
2. **AFTER** execution of the Agreement, the bankruptcy court may award the Borrower a Chapter 13 bankruptcy discharge.
3. Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Agreement and this Addendum. and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

Except as otherwise specifically provided in this Addendum, the terms of the Agreement will remain unchanged and in full effect.

_____          _____
CHRISTOPHER D REID          -Borrower                                    -Borrower


_____          _____
                            -Borrower                                    -Borrower

Loan No.: 0031561426

M&T Bank
—————————————— —Lender

2/15/22
—————————————— -Date

By: _____

Its: _____

Katie Hoover
Banking Officer

**BANKRUPTCY DISCLOSURE ADDENDUM**
**CHAPTER 13 ACTIVE BANKRUPTCY**

Page 2 of 2

Loan No.: 0031561426

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

| | |
|---|---|
| 02/09/2022 | *[signature]* |
| Date | CHRISTOPHER D REID — Borrower |
| Date | — Borrower |
| Date | — Borrower |
| Date | — Borrower |
| Date | — Borrower |
| Date | — Borrower |

NOTICE OF NO ORAL AGREEMENTS (MULTISTATE)                    Page 1 of 1

Loan No.: 0031561426

# CORRECTION AGREEMENT

**Borrower(s):** CHRISTOPHER D REID          **Property:** 137 REAGAN ST. SUNBURY.
Pennsylvania 17801

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

**"Borrower"** is CHRISTOPHER D REID.

**"Lender"** is M&T Bank
, and its successors or assigns.
**"Loan"** means the debt evidenced by the Note and all sums due under the Security Instrument.
**"Note"** means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.
**"Security Instrument"** means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

**AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In** consideration of the Loan Modification Agreement offered by Lender in the amount of $65,687.52 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender). Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree to comply with Lender's request to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

**REQUEST BY LENDER:** Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be prima facie evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

**BORROWER LIABILITY:** If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.

02/09/2022
Date

CHRISTOPHER D REID                    --Borrower

_____            _____
Date                                  --Borrower

_____            _____
Date                                  --Borrower

_____            _____
Date                                  -- Borrower

_____            _____
Date                                  -- Borrower

_____            _____
Date                                  -- Borrower

**CORRECTION AGREEMENT**                              **Page 2 of 2**

## Exhibit "A"

The land referred to in this Commitment is described as follows:

PARCEL NO. 1

ALL THAT CERTAIN TRACT OF LAND situate on the south side of Reagan Street, City of Sunbury, County of Northumberland, Commonwealth of Pennsylvania, known as 137 Reagan Street, more particularly bounded and described as follows:

Containing in front or width on the south side of Reagan Street 20 feet and extending of that width or depth, southwardly a distance of 125 feet to a 10 foot alley and being the western 20 feet of Lot No. 11 on the map or plan of the Masser and Greenough Addition to the Borough (now City) of Sunbury, whereon is erected 1/2 of a double, two-story frame dwelling.

PARCEL NO. 2

ALL THOSE CERTAIN (2) ADJOINING FRACTIONAL PARTS OF LOTS OR PIECES OF GROUND situate on the south side of Reagan Street, in the City of Sunbury, County of Northumberland, Commonwealth of Pennsylvania.

Containing together in front or width on the south side of Reagan Street 20 feet and extending of that width in length or depth southwardly, a distance of 125 feet to a 10 foot alley, and being the eastern 15 feet of Lot No. 10 and the western 5 feet of Lot No. 11 on the map or plan of the Masser and Greenough Addition to the City of Sunbury, whereon is erected the western 1/2 of a double frame dwelling house known as 135 Reagan Street, with 1/2 garage attached.

Town/City/Village:     SUNBURY
County:                NORTHUMBERLAND
Section – Block- Lot:  050-03-005-077

# Mod Incoming Mail Checklist

Loan Number  Borrower Last Name *Reid* THID 

## Incoming Mail

Confirm All Applicable Docs Are Rcvd And Two Copies Are Properly Executed

☑ Notate in LMTN, any check amount received
☑ Confirm All Applicable Pages of Modification Agreement Are Signed by All Applicable Borrowers
☑ NY, PA Signed Exactly as Printed on Modification, Including AKA
☐ Confirm All Applicable Documents Are Dated
☐ Confirm All Applicable Documents Are Stamped and Notarized Where Required- See Notary Stamp Requirements Http://Www.Notaries.Org/Stampsealrequirements.Html
☐ Confirm Notary Stamp Is Not Expired
☐ Confirm Witness Signatures Are Present for States That Require Witnesses
☐ ** If Prince George County MD, Confirm Prince George Affidavit Was Completed, Signed and Notarized
☐ **If Washington DC, Confirm Transfer Tax Form and Security Affidavit Are Completed On All Applicable Sections, Signed And Notarized
☐ OK, NY Tax Affidavit (To Be Signed by Lender)
☐ KY Loans Prepared by Schiller -Sign Certification Of Prepared By (Person Drafting Documents) On All Copies Of Agreement
☐ Confirm Bk Disclosures Are Signed, If Applicable

## **If Package Is Complete

☐ Pull Lender Pages to be Signed
☐ Create Cover Sheets for Scanning
☐ Complete Step T11 – QC Incoming Mail
☐ Using LiveDesk, assign to In-Office Processor
☐ Complete Step D10 – Document Execution Date
☐ Complete Steps L66, V26, T13 Depending on Loan Type

## ** If Package is incomplete

☐ Complete Step T11- QC Incoming Mail
☐ Add E32 and E02 in LMT3 and Complete
☐ Add note to LMTN as to why incomplete
☐ Add note to SPCCLS, letting SPOC know docs are being sent again and why
☐ Email Approveddocs@rruhllaw.com requesting Ruth Ruhl resend docs
☐ Add log code LMTCDQ to LMTN
☐ File incomplete package in file cabinet

## L23 Process

☐ Confirm Mortgagor has made all post mod payments from first payment due date
    **If missing post mod payments DO NOT PROCEED, task SPOC to follow up on missing payments and put loan in L22 stage, put docs in missing post mod cabinet
☐ If Loan Is in Bankruptcy
    If Yes, Was BK Approval Rcvd?

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:  **Christopher Dean Reid, Sr.**      :      **Case No:  4:20-bk-01846-MJC**
            **Debtor**      :
                            :          **Chapter 13**
                            :

## <u>ORDER</u>

AND NOW, upon consideration of the foregoing Motion to Modify Mortgage, and it appearing that no Objection or Answer was filed to the Motion it is hereby Ordered and Decreed:

Debtor's Motion for Approval to Modify Mortgage is hereby Granted.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                              :
**Christopher Dean Reid, Sr.**      :
      Debtor   :    Case No:  4:20-bk-01846-MJC
                :
                :    Chapter 13

## CERTIFICATE OF SERVICE

I certify that I did on this date I served a true and correct copy of a ***Motion to Modify***

***Mortgage*** in the above-captioned matter, upon all creditors and interested parties below and on

the attached mailing matrix by first class mail.

**_Service was accomplished via ECF_**
Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA  17036

**_Service was accomplished via ECF_**
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA  19107

**_Via USPS First Class Mail_**
James C. Warmbrodt, Esquire
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street
Suite 5000
Philadelphia, PA  19106

Date:  May 20, 2022

/s/ Samantha C. Wolfe
Samantha C. Wolfe, Esq.
Attorney ID# 328845
Scaringi and Scaringi, P.C.
2000 Linglestown Road, Suite 106
Harrisburg, PA 17110

1

Label Matrix for local noticing
0314-4
Case 4:20-bk-01846-RNO
Middle District of Pennsylvania
Williamsport
Fri Feb 19 16:35:05 EST 2021

Ally Financial
P.o. Box 380901
Bloomington, MN 55438-0901

Ally Financial
PO Box 130424
Roseville MN 55113-0004

Brandy Spaid-Reid
137 Reagan St
Sunbury, PA 17801-1331

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

Capital One Bank Usa N
Po Box 30281
Salt Lake City, UT 84130-0281

Cent Key Fcu
1000 Market St
Sunbury, PA 17801-2403

Central Credit Audit
100 N Third St
Sunbury, PA 17801-2367

Credit One Bank Na
Po Box 98872
Las Vegas, NV 89193-8872

ECMC
PO Box 16408
ST. PAUL, MN 55116-0408

ECMC
PO Box 16408
ST. PAUL, MN 55116-0408
ECMC
PO Box 16408
ST. PAUL, MN 55116-0408

Enerbank Usa
1245 E Brickyard Road
Suite 600
Salt Lake City, UT 84106-2562

Geisinger
100 North Academy Ave
Danville, PA 17822-0001

Independence Bank
1370 South County Trail East
East Greenwich, RI 02818-1625

Jim Carr
1550 Queen Street
Northumberland, PA 17857-9410

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Lending Club Corp
595 Market Street
San Francisco, CA 94105-2807

(p)M&T BANK
LEGAL DOCUMENT PROCESSING
626 COMMERCE DRIVE
AMHERST NY 14228-2307

M & T Bank Mortgage
Po Box 900
Millsboro, DE 19966-0900

M&T Bank
PO Box 1508
Buffalo, NY 14240-1508

Medicredit, Inc
PO Box 1629
Maryland Heights, MO 63043-0629

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

Nelnet Lns
Po Box 82561
Lincoln, NE 68501-2561

Nelnet on behalf of ASA
American Student Assistance
PO Box 16129
St. Paul, MN 55116-0129

Northumberland Emergency Group, P.C
200 Corporate Blvd.
Lafayette, LA 70508-3870

ONEMAIN
P.O. BOX 3251
EVANSVILLE, IN 47731-3251

Onemain
Po Box 1010
Evansville, IN 47706-1010

SYNCB/Walmart
PO Box 965024
Orlando, FL 32896-5024

Scheer, Green, & Burke Co. L.P.A.
PO Box 1312
Toledo, OH 43603-1312

Service 1st Federal CR UN
1207 Bloom Street
Danville, PA 17821

```
Three Brothers Trucking                 Three Brothers Trucking
137 Reagan St                           135 Reagan Street
Sunbury, PA 17801-1331                  Sunbury, PA 17801-1331
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
M & T Bank                              (d)M&T Bank
Po Box 900                              PO Box 840
Millsboro, DE 19966                     Buffalo, NY 14240
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Capital One Bank Usa N        (d)Capital One Bank Usa N        (d)Geisinger
Po Box 30281                     Po Box 30281                     100 North Academy Ave
Salt Lake City, UT 84130-0281    Salt Lake City, UT 84130-0281    Danville, PA 17822-0001


(d)Nelnet Lns                    (d)Three Brothers Trucking, LLC  End of Label Matrix
Po Box 82561                     137 Reagan St.                   Mailable recipients   31
Lincoln, NE 68501-2561           Sunbury, PA 17801-1331           Bypassed recipients    5
                                                                  Total                 36
```